IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHOK ARORA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Honorable Jorge L. Alonso |
| ) | |
| Diversified Consultants, Inc., ) | Case No.: 1:20-cv-4113 |
| FMA Alliance Ltd, ) | |
| First National Collection Bureau, Inc. ) | Magistrate Judge Jeffrey T. Gilbert |
| T-Mobile USA, Inc., ) | |
| John Does 1 through 50, ) | |
|     Defendants ) | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO
T-MOBILE'S MOTION TO DISMISS OR TRANSFER VENUE**

Plaintiff Ashok Arora respectfully files this RESPONSE in opposition to defendant T-Mobile's Motion to Dismiss Complaint or Transfer Venue (Doc 19).

1. **Defendant's argument: This Court lacks subject matter jurisdiction over the Complaint.** *Motion at 2.*

2. **Response:** On February 1, 2021, Plaintiff filed his FIRST AMENDED COMPLAINT ("FAC") pursuant to Fed. R. Civ. P. 15(a)(1). *Doc 22*. The *FAC* names two more defendants: FMA Alliance Ltd ("FMA") and First National Collection Bureau, Inc. ("FNCB"). Plaintiff's claims against FMA and FNCB include federal Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 and Fair Debt Collection Practice Act ("FDCPA") 15 U.S.C. § 1692 et seq. claims, and stem from the wrong number phone calls they made to Plaintiff's cell phone. FMA and FNCB are not under bankruptcy proceedings as far as Plaintiff can tell. This court has

1

subject matter jurisdiction under 28 U.S.C. §1331, 47 U.S.C. § 227 *MIMS v. ARROW FINANCIAL SERVICES, LLC* (10-1195), and 15 U.S.C. § 1692k(d) over Plaintiff's federal claims against FMA and FNCB. The court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims against all Defendants.

3.  **Defendant's argument: Count V is a conspiracy claim against both DCI and T-Mobile and is the only cause of action against T-Mobile. Count V also is enjoined by the TCPA Injunction Order.** *Motion ¶ 15*.

4.  **Response:** Plaintiff's conspiracy claim against T-Mobile is based only in part on calls made by DCI. In part because the *FAC* names two more defendants—FMA and FNCB. Also, in part because Plaintiff's conspiracy claim against T-Mobile is meant to extend to all of the harassing intrusive wrong number calls Plaintiff has received over the last five (5) years, not just the calls from named defendants.

5.  Even if Plaintiff's conspiracy claim against T-Mobile were based solely on the calls made by DCI, it appears counterproductive that conspiracy claim against T-Mobile should be enjoined by the DCI TCPA/FDCPA injunction order (Doc 18).

6.  DCI is currently in chapter 7 bankruptcy proceedings. As T-Mobile points out in its *Motion*: the purpose of the stay "is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors". *Motion at 4*. Plaintiff's conspiracy claim should allow Plaintiff to recover the full value of his claims against DCI from T-Mobile, and not have to scramble for DCI's assets.

> "The function of a conspiracy claim is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the

wrongdoer's acts." ***Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 206 Ill.Dec. 636, 645 N.E.2d 888, 894 (Ill. 1994) (Quoting W. Prosser, Torts § 46, at 293 (4th ed. 1971))**

"parties to a civil conspiracy are jointly and severally liable for injuries to plaintiff" ***Hoffman–La Roche, Inc. v. Greenberg,* 447 F.2d 872, 874 n. 2 (7th Cir.1977)**

7. DCI's participation in this lawsuit is not necessary to determine whether T-Mobile participated in a conspiracy. Whether or not DCI participated in the conspiracy should also be discoverable through T-Mobile. DCI's participation in conspiracy may also be deduced from circumstantial evidence.

"a conspiracy is rarely susceptible of direct proof; instead, it is established from circumstantial evidence and inferences drawn from evidence, coupled with commonsense knowledge of the behavior of persons in similar circumstances." ***Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 206 Ill.Dec. 636, 645 N.E.2d 888, 895 (Ill. 1994)(Quoting Majewski v. Gallina (1959), 17 Ill.2d 92, 99, 160 N.E.2d 783)**.

8. **Defendant's argument: Plaintiff fails to allege any agreement between T-Mobile and DCI.** *Motion ¶ 20*.

9. **Response:** Circumstantial evidence shows that there was a conspiracy to make wrong number collection calls to Plaintiff's 3846 cell phone and that T-Mobile played a major role in it. *FAC ¶¶ 18-34, 63-75*. Whether there was a direct agreement between T-Mobile and collection agencies, or between T-Mobile and John Doe defendant and between John Doe

3

defendant and collection agencies, is unknown at this time and is expected to be uncovered through discovery.

> "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with" ***Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002)**
>
> "a plaintiff is not required to allege facts with precision where the necessary information to do so is within the knowledge and control of the defendant and unknown to the plaintiff" ***Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 206 Ill.Dec. 636, 645 N.E.2d 888, 895 (Ill. 1994)**
>
> "the gist of a conspiracy claim is not the agreement itself, but the tortious acts performed in furtherance of the agreement" ***Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 206 Ill.Dec. 636, 645 N.E.2d 888, 895 (Ill. 1994)**

10. **Defendant's argument: Plaintiff does not allege that T-Mobile committed a tortious act in furtherance of any agreement.** *Motion ¶ 21*.

11. **Response:** The tortious acts are the hundreds of wrong number calls Plaintiff has received over the past eleven (11) years. The argument that a conspirator itself must have performed a tortious act to be liable for a conspiracy has been rejected by the Illinois Supreme Court.

> "We also reject [Defendant]'s implicit claim that to state a cause of action for civil conspiracy, a plaintiff must allege and prove that [Defendant] itself, as opposed to one the conspirators, performed an unlawful or tortious act in furtherance of the conspiracy. … to adopt such a requirement would deprive the plaintiff of one of the fundamental benefits of a conspiracy claim, that is, that

once a conspiracy is formed, all of its members are liable for injuries caused by any unlawful acts performed pursuant to and in furtherance of the conspiracy". *Adcock v. Brakegate, Ltd.*, **164 Ill.2d 54, 206 Ill.Dec. 636, 645 N.E.2d 888, 895 (Ill. 1994)**

12. **Defendant's argument: The court should transfer this matter to the Middle District of Florida in the interest of justice.**

13. **Response:** Given that DCI is in chapter 7 bankruptcy proceedings, and given that DCI's liabilities likely far exceed its assets, Plaintiff may recover only small a fraction of his claim, if any at all, from DCI's bankruptcy estate. Given that there are far larger claims against DCI than Plaintiff's claim against DCI, it appears highly unlikely that DCI, or its bankruptcy trustee, will choose to defend against Plaintiff's TCPA claim. The transfer of this action to Bankruptcy Court for the Middle District of Florida will achieve nothing more than delay the resolution of Plaintiff's claims against T-Mobile and other defendants.

## CONCLUSION

i)  This court has jurisdiction over Plaintiff's complaint.

ii) T-Mobile is liable under Plaintiff's conspiracy claim for all of the damages caused by bankrupt DCI's tortious acts. Therefore, transfer of venue to the Bankruptcy Court for the Middle District of Florida is unwarranted.

WHEREFORE, Plaintiff respectfully requests the court to deny defendant T-Mobile's Motion to Dismiss or Transfer Venue.

Dated: February 11, 2021

                Respectfully Submitted,

                /s/ Ashok Arora_____
                Ashok Arora, Pro Se
                869 E Schaumburg Rd 217
                Schaumburg, IL 60194
                Tel: 224-622-3846

## CERTIFICATE OF SERVICE

I, Ashok Arora, hereby certify that on February 11, 2021, I filed the foregoing PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO T-MOBILE'S MOTION TO DISMISS OR TRANSFER VENUE with the Clerk of the Court using the CM/ECF system which will send the notification of such filing to all attorneys of record.

                /s/ Ashok Arora_____
                Ashok Arora
                *Pro Se Plaintiff*